IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILSON TAYLOR,
        Plaintiff,

v.                                    Civil Action No. 3:25cv355

PJ CHEESE, INC., and PJ UNITED,
INC., d/b/a PAPA JOHNS PIZZA,
        Defendants.

## OPINION

This matter comes before the Court on a motion to dismiss and compel arbitration filed by the defendants, PJ Cheese, Inc., and PJ United, Inc. (together, "Papa Johns").

On May 10, 2025, the plaintiff, Wilson Taylor, filed a six-count employment discrimination complaint against Papa Johns. Taylor alleges hostile work environment based on sexual harassment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count One); hostile work environment based on sexual harassment, in violation of the Virginia Human Rights Act ("VHRA") (Count Two); retaliation in the form of termination, in violation of Title VII (Count Three); retaliation in the form of termination, in violation of the VHRA (Count Four); retaliation in the form of a rehiring ban, in violation of Title VII (Count Five); and retaliation in the form of a rehiring ban, in violation of the VHRA (Count Six).

Taylor, a male pizza delivery driver, alleges two fellow employees sexually harassed him by repeatedly touching him while he worked at a Papa Johns restaurant in Henrico, Virginia. Taylor claims Papa Johns fired him from the restaurant at which he worked, and barred Taylor from employment at all other regional Papa Johns locations, after he complained to company leadership about his coworkers' inappropriate behavior. Taylor seeks a declaratory judgment that

Papa Johns violated his rights under Title VII and the VHRA; compensatory and punitive damages; back and front pay; attorneys' fees; and an injunction halting the ban on his future employment.

On August 8, 2025, Papa Johns filed a motion to dismiss Count One for failure to state a claim. The defendants also moved to dismiss and compel arbitration on Taylor's remaining retaliation claims pursuant to a predispute arbitration agreement between the parties. Taylor responded on August 22, 2025, maintaining that he pleaded sufficient facts in support of his Title VII sexual harassment claim. Taylor also contends that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") precludes the parties' arbitration agreement in the instant case. The Court heard argument on the motion on October 20, 2025.

For the reasons set forth below, the Court grants the defendants' motion to dismiss Count One, and to dismiss and compel arbitration on Counts Three, Four, Five, and Six. The Court further declines to exercise supplemental jurisdiction over Count Two. First, Taylor pleads insufficient facts to support a Title VII claim for hostile work environment based on sexual harassment. Second, because Taylor does not plausibly plead a sexual harassment dispute, the EFAA has no bearing on the instant case. The parties do not otherwise challenge the arbitration agreement, and the dispute satisfies all other prerequisites for compelling arbitration. Accordingly, arbitration must proceed. The Court therefore dismisses all of Taylor's claims over which it has original jurisdiction, and declines to exercise supplemental jurisdiction over his remaining Virginia employment law claim.

## I. FACTS ALLEGED IN THE COMPLAINT

Taylor began working as a Papa Johns delivery driver around September 1, 2019. (ECF No. 1 ¶ 13.) On October 18, 2022, the parties executed a dispute resolution agreement, which includes an arbitration clause (ECF No. 7 ¶ 7; ECF No. 12, at 5.) The arbitration agreement

provides, with delineated exceptions, that Taylor must submit to final and binding arbitration on all claims related to his employment or its termination. (ECF No. 7 ¶ 7.)

Taylor's employment at Papa Johns's Henrico, Virginia, location began in March 2023. (ECF No. 1 ¶ 14.) Taylor alleges that two managers of this location committed a series of "unwelcome and offensive physical contacts" shortly after he began working at the restaurant. (*Id.* ¶¶ 16–30.) Taylor details five contacts from manager Bailey Turgeon, a woman, and three contacts from manager Jon Moseley, a man, all of which occurred in April and May of 2023. (*Id.*)

First, on Saturday, April 22, 2023, Turgeon walked behind Taylor, and "her buttocks brushed and rubbed against [Taylor's] buttocks." (*Id.* ¶ 17a.) Second, on Sunday, April 23, 2023, Turgeon "threw her hip into [Taylor], knocking [Taylor] to the side." (*Id.* ¶ 17b.) Taylor asserts Turgeon committed this "hip check" intentionally. (*Id.*) Third, on Saturday, April 29, 2023, Turgeon "poked [Taylor] in the shoulder with her finger" to "tell [Taylor] something about a delivery." (*Id.* ¶ 17c.) Fourth, on Friday, May 5, 2023, Turgeon "bumped into" the plaintiff. (*Id.* ¶ 17d.) This prompted Taylor to ask Turgeon "if she has balance issues" because she "bumps into [Taylor] a lot." (*Id.*) Fifth, on Friday, May 19, 2023, Turgeon's hand "grazed" Taylor's buttocks as Turgeon walked behind the plaintiff. (*Id.* ¶ 17e.) Taylor also claims Moseley touched him three times within ninety minutes on Saturday, May 27, 2023. Moseley "grabbed [Taylor] by the shoulder twice," "got dough flour on [Taylor]," and "poked [Taylor] in the arm once." (*Id.* ¶ 24.)

Taylor "confronted" Moseley about his conduct "directly," and documented all unwanted contacts from both Turgeon and Moseley in e-mail messages to human resources director Lisa Townsend. (*Id.* ¶¶ 19–35.) Townsend investigated Taylor's claims through interviews with "five different individuals" and a "thorough review of the [in-store] video" from the six days on which Taylor stated the inappropriate touches occurred. (*Id.* ¶ 33.) On June 6, 2023, Townsend shared

3

that she found no evidence of inappropriate contact. (*Id.* ¶ 32.) Dissatisfied with this result, Tayor submitted a "Request for Executive Review" for further investigation of his claims. (*Id.* ¶ 36.) On or around June 12, 2023, executive officer Brad Leonard reiterated that Taylor's complaints were unsubstantiated. (*Id.* ¶ 39.)

On June 18, 2023, Papa Johns employee Katelyn Stevens yelled at Taylor at the Henrico restaurant. (*Id.* ¶¶ 40–41.) Taylor called the Henrico County Police Department after the spat, and the responding officer concluded "no crime had been committed." (*Id.* ¶ 43.) Later that day, Papa Johns issued Taylor a disciplinary form that cited his "being part of a disruptive work environment" as cause for reprimand. (*Id.* ¶ 45.) Taylor disputed this characterization of the events and again emailed Lisa Townsend "to report that he had been cursed out." (*Id.* ¶ 48.)

Papa Johns terminated Taylor's employment on June 22, 2023.[1] (*Id.* ¶¶ 49–51.) Taylor's termination extends to all Papa Johns locations owned by PJ United, Inc., which likely covers "all of the Papa Johns in the Richmond Market." (*Id.* ¶¶ 52–54.) Taylor sought internal executive review of his termination, claiming Papa Johns fired him despite "good performance scores, good attendance, and good behavior." (*Id.* ¶ 57.) Brad Leonard again investigated, and on June 29, 2023, Leonard stated he "found no basis to overturn" Taylor's termination. (*Id.* ¶¶ 59–60.)

On July 5, 2023, Taylor filed a charge of discrimination through retaliation with the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 8.) The EEOC filed this same charge with the Virginia Office of Civil Rights. (*Id.* ¶ 9.) Taylor amended his EEOC filing on October 18, 2023, to revise the defendants' names and to include a charge of discrimination

---

[1] Taylor's complaint alleges that Papa Johns terminated him on June 20, 2023, but that Papa Johns did not inform him of his termination until June 22, 2023. The Court uses June 22, 2023, as the date of Taylor's termination.

based on sexual harassment. (*Id.* ¶ 10.) The EEOC dismissed Taylor's action on February 10, 2025, and Taylor filed this suit eighty-nine days later. (*Id.* ¶ 11–12.)

## II. ANALYSIS

Papa Johns moves to dismiss Count One for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Taylor has insufficiently pleaded a Title VII claim for a hostile work environment based on sexual harassment. (ECF No. 7.) The defendants also move to dismiss and compel arbitration on Counts Three, Four, Five, and Six pursuant to Federal Rule of Civil Procedure 12(b)(1) and an executed, pre-dispute arbitration agreement.[2] (*Id.*)

### *A. Count One*

A Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving any factual discrepancies or evaluating the claims' merits. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all well-pled allegations in the

---

[2] Papa Johns repeatedly urges the Court to "dismiss *the* sexual harassment claim," and requests that "*Count I* of the Complaint . . . be dismissed pursuant to Rule 12(b)(6)." (ECF No. 7, at 2, 13, 18 (emphasis added).) Further, Papa Johns's Rule 12(b)(6) argument substantively addresses the Title VII sexual harassment claim only. Additionally, Papa Johns moves to dismiss and "compel arbitration *of the remaining retaliation claims*." (*Id.* at 18 (emphasis added).)

Read together, these passages suggest Papa Johns believes Taylor brings only one claim of sexual harassment—under Title VII—with all other claims alleging retaliation. Taylor, however, brings *two* sexual harassment claims: one under Title VII and one under the VHRA. Taylor labels these two causes of action together as "Count I: Sexual Harassment," but pleads two distinct grounds for recovery under this heading. (ECF No. 1, at 12.) Accordingly, the Court construes Taylor's complaint as bringing two counts of sexual harassment.

Given the plain language of the defendants' motion, and drawing all reasonable inferences in favor of Taylor, the Court considers Papa Johns's Rule 12(b)(6) argument only as to Count One, hostile work environment based on sexual harassment, in violation of Title VII. Further, the Court considers Papa Johns's Rule 12(b)(1) argument only as to Counts Three, Four, Five, and Six.

complaint as true and draw all reasonable inferences in favor of the plaintiff.[3] The principle that a court must accept all allegations as true, however, does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a prima facie claim of a hostile work environment based on sexual harassment under Title VII, a plaintiff must plead sufficient facts showing that the conduct "(1) was unwelcome, (2) was because of [his] sex, (3) was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment, and (4) was imputable to [his] employer." *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 254 (4th Cir. 2015).

In analyzing element two, a court must evaluate whether "members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). Although "nothing in Title VII necessarily bars a claim of discrimination [between a plaintiff and a defendant] of the same sex," the plaintiff must nonetheless demonstrate that "the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted 'discriminat[ion] . . . because of . . . sex.'" *Roberts*, 998 F.3d at 118 (cleaned up). In all circumstances, a court must "look[] to the behavior [and] consider[]the underlying circumstances and the setting in which it occurred."[4]

The third element's "severe or pervasive" standard sets a high bar. *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). To determine if conduct qualifies as severe or pervasive, courts must consider the totality of the circumstances, including (1) frequency; (2)

---

[3] *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

[4] *Webster v. Chesterfield Cnty. Sch. Bd.*, 38 F.4th 404, 413 (4th Cir. 2022) (finding that the touching of a teacher's buttocks and breasts by a child with ADHD and Down's Syndrome did not demonstrate sex discrimination because the touches "fell within the range of behaviors" for a child with these diagnoses; "the nature of . . . touching alone" did not satisfy the "because of sex" prong).

severity; (3) the conduct's physically threatening or humiliating, versus merely offensive, nature; and (4) whether the conduct unreasonably interfered with the plaintiff's work performance. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270–71 (2001). Finally, an employer must "have acquired . . . knowledge of the allegedly harassing conduct" and taken "no prompt and adequate remedial action to correct it" for a court to impute actions to the employer. *Mikels v. City of Durham*, 183 F.3d 323, 329 (4th Cir. 1999).

Taylor states that he found the physical contact from Turgeon and Moseley "inappropriate, unprofessional, and humiliating," (ECF No. 1 ¶ 18), and the parties do not dispute that Taylor found his coworkers' conduct "unwelcome." *See Foster*, 787 F.3d at 254. Even assuming Taylor pleads sufficient facts to satisfy the first element, however, Papa Johns contends that Taylor fails to meet his burden as to the remaining three elements of his Title VII sexual harassment claim. (ECF No. 7.) The Court agrees.

First, Taylor asserts, without any supportive details, that his colleagues subjected him to "unwelcome harassment based on his sex (male)." (ECF No. 1 ¶ 62.) Beyond this bare legal conclusion, Taylor does not indicate that the touches he experienced constituted discrimination because of his sex. *See Foster*, 787 F.3d at 254; *Roberts*, 998 F.3d at 118. Indeed, the Court finds that "the underlying circumstances and the setting in which the touches occurred" weigh heavily against Taylor's contention of sex-based harassment. *See Webster*, 38 F.4th at 413. Taylor alleges a total of eight brushes, grazes, and bumps—five from a female coworker and three from a male colleague—all of which took place in a busy restaurant on a Friday, Saturday, or Sunday. (ECF No. 1 ¶¶ 17, 24.) Taylor presents no facts from which the Court could conclude that this culinary clumsiness actually constituted sexual harassment. *See Roberts*, 998 F.3d at 118. And, alone, the

7

fact that some touches occurred on Taylor's buttocks does not satisfy the second element of a Title VII claim for hostile work environment based on sexual harassment. *See Webster*, 38 F.4th at 313.

As for severity or pervasiveness, the Court agrees with Papa Johns that Taylor's allegations fall short of this Circuit's "high bar." *See EEOC*, 521 F.3d at 315. Taylor claims he experienced eight unwanted touches in thirty-seven days. Perhaps this rate exceeds what one might expect to tolerate when working in a restaurant. Still, the severity of the contacts Taylor pleads nearly trivializes Title VII's protections. Taylor's own words—"brushed," "bumped into," "grazed," among others—indicate that he found the touches offensive, maybe, but not "physically threatening or humiliating." *See Clark Cnty. Sch. Dist.*, 532 U.S. at 270–71; ECF No. 1 ¶¶ 17, 24. Taylor also fails to describe how these contacts interfered with his performance as a Papa Johns delivery driver, if at all. *See Clark Cnty. Sch. Dist.*, 532 U.S. at 270–71. Finally, Taylor fails to plead imputability entirely. Indeed, the pleadings show that Papa Johns's human resources director responded to Taylor's allegations promptly and thoroughly. (ECF No. 1 ¶¶ 19–35.)

The Court finds, therefore, that Taylor has not sufficiently pleaded facts to support a prima facie claim of Title VII hostile work environment based on sexual harassment. Accordingly, the Court grants Papa Johns's motion to dismiss Count One of Taylor's complaint.

### B. Counts Three through Six

A motion under Federal Rule of Civil Procedure 12(b)(1) tests the court's subject matter jurisdiction. A party may petition a federal court to compel arbitration when that court would have subject matter jurisdiction over the controversy but for an agreement to arbitrate.[5] Because Taylor asserts retaliation claims under Title VII, the Court would have subject matter jurisdiction over Counts Three and Five but for the predispute arbitration agreement. Further, the Court could

---

[5] 9 U.S.C. § 4; *Republic Bank and Tr. Co. v. Kucan*, 245 F. App'x 308, 312 (4th Cir. 2017).

exercise supplemental jurisdiction over Taylor's state law retaliation claims.[6] Accordingly, the Court has authority to hear Papa Johns's motion to compel arbitration.

A court may determine the validity of a mandatory arbitration agreement, but it may not assess the soundness of the broader contract in which it appears. *Hayes v. Delbert Servs. Corp.*, 811 F.3d 666, 671 (4th Cir. 2016) (cleaned up). Further, a court must evaluate the arbitration provision against the backdrop of the "strong federal policy in favor of enforcing arbitration agreements." *Id.* This policy recognizes the parties' right to agree to arbitrate statutory claims: "[h]aving made the bargain to arbitrate, the part[ies] should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act evinces one such preclusion by invalidating certain predispute arbitration agreements as applied to claims of sexual assault or harassment. *See id.*; 9 U.S.C. § 402(a). A plaintiff must plausibly plead a claim of sexual harassment to trigger the EFAA's protections.[7]

Assuming a valid arbitration agreement and no congressional preclusion of arbitration as a remedy, a litigant may move to compel arbitration under the Federal Arbitration Act if the party demonstrates (1) the existence of a dispute between the parties, (2) the existence of a written

---

[6] *Id.* ("While the Federal Arbitration Act permits a party to a contract containing an arbitration agreement to obtain an order compelling arbitration of the contract dispute, *see* 9 U.S.C.A. § 4, the Act does not create subject matter jurisdiction. A petition to compel arbitration may be filed in federal court only if subject matter jurisdiction (federal question, admiralty, or diversity) otherwise exists with regard to the underlying controversy."). *See also* 28 U.S.C. § 1367.

[7] *See, e.g., Holsten v. Barclays Sers., LLC*, 3:24cv844, 2025 WL 2696991, at *15 (E.D. Va. Sept. 22, 2025) (finding that plausibly pleading a hostile work environment claim under Title VII serves as a basis for the application of the EFAA).

arbitration agreement which purports to cover the dispute, (3) that the transaction (as evidenced by the agreement) relates to interstate commerce, and (4) that the opposing party refuses to arbitrate the dispute. *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016) (citing *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 n.6 (4th Cir. 2012)). A party moving to compel arbitration may request either dismissal of the suit or a stay of proceedings pending the arbitration.[8] *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024).

Taylor and Papa Johns both admit the existence of a valid, predispute arbitration agreement that purportedly governs this matter. (ECF No. 7-7, at 5–7.) But Taylor asserts that the EFAA nonetheless invalidates the arbitration agreement's application to this case because he brings a "plausibly-pled 'sexual harassment dispute.'" (ECF No. 12, at 13–14.) Papa Johns contends Taylor fails to meet his pleading burden as to his sexual harassment claim, rendering the EFAA irrelevant. Again, the Court agrees with the defendants.

As stated, the Court construes Papa Johns's Rule 12(b)(1) motion to dismiss and compel arbitration as applicable to Counts Three through Six, which bring federal and state retaliation claims against the defendants. These counts do not bring sexual assault or harassment allegations to which the EFAA's prohibition against arbitration might otherwise apply.[9] (ECF No. 1 ¶¶ 61–85). Further, Papa Johns satisfies all requirements to compel arbitration as to these claims.[10] The

---

[8] When a federal court finds a dispute subject to arbitration, however, "*and* a party has requested a stay of the court proceeding pending arbitration," the court may not dismiss the suit. *Id.* (emphasis added).

[9] Even if the Court construes the EFAA as possibly prohibiting arbitration of Taylor's entire case, Taylor must still plausibly plead a claim of sexual harassment to trigger the Act's arbitration bar. *See, e.g., Holsten*, 2025 WL 2696991, at *15. Taylor fails to do so.

[10] A dispute plainly exists between the parties; a written dispute resolution agreement with an arbitration provision purportedly covers said dispute; the parties do not contest the validity of this agreement; Papa Johns conducts business nationwide and thus engages in interstate commerce; and Taylor has, so far, refused to arbitrate his claims. *See Galloway*, 819 F.3d at 84.

Court accordingly dismisses Counts Three, Four, Five, and Six, and compels Taylor to arbitrate these contentions.

### C. Count Two

28 U.S.C. § 1367(c)(3) authorizes a district court to decline supplemental jurisdiction over a claim if that court has dismissed all claims over which it has original jurisdiction. Papa Johns's motion to dismiss and compel arbitration fails to address Count Two of the complaint, which alleges hostile work environment based on sexual harassment, in violation of the Virginia Human Rights Act.[11] Because the Court dismisses Count One for failure to state a claim, and dismisses and compels arbitration on Counts Three through Six pursuant to the predispute arbitration agreement, the Court has now dismissed all claims over which it has original jurisdiction. The Court declines to exercise supplemental jurisdiction over Taylor's sole remaining claim, a state law employment claim. *See* 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

Working in a popular restaurant can involve discomfort, tight spaces, and some unwanted contact from coworkers. But such workplace inconveniences do not give rise to a Title VII claim for sexual harassment. For the foregoing reasons, the Court dismisses Count One; dismisses and compels arbitration on Counts Three, Four, Five, and Six; and declines to exercise supplemental jurisdiction over Count Two. (ECF No. 7.)

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 18 November 2025
Richmond, VA

/s/ John A. Gibney, Jr.
Senior United States District Judge

---

[11] *See supra* n.2.

11